IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

EXEQUIEL ANACLETO CHAVEZ HERNANDEZ,

Petitioner,

vs.

TODD BAHENSKY, Director of the Hall County Department of Corrections, in their official capacity, et al.,

Respondents.

8:26-CV-590

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Guatemala who entered the United States as an unaccompanied minor near Hidalgo, Texas in February 2014. Filing 6 at 3. He was arrested by the Border Patrol on February 9, issued a notice to appear, and placed in removal proceedings. Filing 6 at 3; filing 6-1. On March 19, he was released to an unrelated sponsor in Omaha. Filing 6 at 3. He applied for asylum that June. Filing 6 at 4.

In November 2016, an immigration judge denied the petitioner's asylum claim and ordered him removed to Guatemala. Filing 6 at 4; filing 6-2. He appealed to the Board of Immigration Appeals but his appeal was dismissed in August 2017, filing 6 at 4, filing 6-3, making his order of removal administratively final, see *Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(1)(B)). A warrant of removal was issued on August 28. Filing 6-4

On September 30, 2026, the petitioner was found at a traffic accident in Grand Island and a records check revealed that he was subject to an order of removal and an outstanding warrant of removal. Filing 6 at 4. ICE arrested and detained the petitioner the same day. Filing 6 at 4; filing 6-5; filing 6-6.

Because the petitioner is subject to a final order of removal, he must be detained pursuant to § 1231(a)(2)(A). His detention is mandatory for at least 90 days, after which time he "may be detained" or may be released under terms of supervision. *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future. *See Codina v. Chertoff*, 283 F. App'x 432 (8th Cir. 2008) (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's detention is consistent with due process.

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied.

2. A separate judgment will be entered.

Dated this 21st day of October, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge